IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RICHARD HAMMOND,

    Plaintiff,

vs.                                                 NO. CIV 97-1166 MV/LFG

MAYOR MARTIN CHAVEZ, individually
and in his capacity as Mayor of the City of
Albuquerque, THE CITY OF ALBUQUERQUE,
ALBUQUERQUE CITY COMMISSIONERS and
JOHN DOES I-X,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendant City of Albuquerque's Motion for Summary Judgment on Count I **[Doc. No. 34]**. The Court, having considered the motion, response, reply, relevant law, and being otherwise fully informed, finds that the motion is not well taken and will be **DENIED**, as explained below.

## BACKGROUND

In this action, Plaintiff Richard Hammond ("Hammond") brings a breach of contract claim against his former employer, the City of Albuquerque.[1]

---

[1] All others counts and Defendants have previously been dismissed by stipulation or by decision of this Court.

1

### A. Undisputed Material Facts

For the purpose of resolving this motion, the Court finds that the following are the uncontested facts, as demonstrated by the record:

1. Plaintiff Hammond was hired by the City of Albuquerque as an "Assistant to the Mayor" on July 25, 1994.

2. The City's Merit System Ordinance (MSO) provides that "unclassified" employees serve at will and "may be dismissed for any reason or no reason," while classified employees may only be dismissed for just cause.

3. Hammond was hired as an "unclassified employee," with a job code of UN04A.

4. Hammond repeatedly asked former Mayor Martin Chavez to be transferred to a classified position.

5. Following these requests, Hammond was transferred to the Human Resources Department.

6. Hammond's job title remained "Assistant to the Mayor," an unclassified position, his job code remained UN04, an unclassified job code, and he was not assigned a step or grade, as would be necessary for a classified position.

7. Hammond received a Memo informing him of his transfer but which made no mention of whether he had been transferred to a classified position or whether he remained an unclassified employee.

8. Hammond believed that his transfer to the Human Resources Department effectively transferred him from an unclassified to a classified employee.

9. Hammond told several City employees, including Lawrence Rael, Human Resources Director, Vivian Sanchez, his supervisor, and former Mayor Chavez, that Hammond believed he had been transferred to a classified position.

10. Other individuals from former Mayor Chavez's administration were transferred from unclassified to classified positions.

11. Hammond chose to forgo to two higher paying unclassified job opportunities based on his belief that he had been transferred to a classified position.

### B. Contested Issues Between the Parties

Hammond contends that Defendants' representations to him that he had been transferred to a classified position, combined with the MSO, created an implied contract between the parties such that he could only be terminated with just cause and was entitled to certain discharge benefits. Defendants respond that, regardless of his belief, Plaintiff was never actually transferred to a classified position and was therefore employed at will. The only factual dispute between the parties is whether Defendants ever dispelled Plaintiff's false belief that he had been transferred to a classified position. Hammond states in his affidavit that they did not while Human Resources Director Lawrence Real testified in his deposition that he believed he did inform Hammond that he remained an unclassified employee.

The City of Albuquerque has moved for summary judgment, arguing that whatever Plaintiff may have believed, he was at all times an unclassified employee, employed at will. Plaintiff opposes, asserting that an implied contract was created by Defendants' representations and failure to correct Plaintiff's mistaken belief.

## STANDARD OF REVIEW

Summary judgment is an integral part of the Federal Rules of Civil Procedure, which are intended to "'secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (quoting Fed.R.Civ.P. 1). Under Rule 56(c), summary judgment is appropriate when the court, viewing the record in the light most favorable to the non-moving party, determines that "there is no genuine dispute over a material fact and the moving party is entitled to judgment as a matter of law." *Thrasher v. B&B Chemical Co.*, 2 F.3d 995, 996 (10th Cir. 1993).

The movant bears the initial burden of showing "there is an absence of evidence to support the nonmoving party's case."*Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991). Once the movant meets this burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Although the material submitted by the parties in support of and in opposition to the motion must be construed liberally in favor of the party opposing the motion, *Harsha v. United States*, 590 F.2d 884, 887 (10th Cir. 1979), the burden on the moving party may be discharged by demonstrating to the district court that there is an absence of evidence to support the nonmoving party's case. *Celotex*, 477 U.S. at 325. In such a situation, the moving party is entitled to judgment as a matter of law, "because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Id.* at 322.

**ANALYSIS**

The only issue presented on this Motion is whether Plaintiff's evidence that Defendants lead him to believe that he had been transferred to a classified position and failed to correct that misconception is sufficient to preclude summary judgment in favor of Defendants on the existence of an implied contract between the parties. The Court concludes that it is.

New Mexico follows the common law rule that employment is presumed to be at-will and terminable by either party for any or no reason without liability. *Hartbarger v. Frank Paxton Co.*, 857 P.2d 776, 779 (N.M. 1993), *cert. denied*, 510 U.S. 1118 (1994). However, the words and conduct of the parties in an employment relationship, including provisions in a personnel manual or handbook, can create an implied contract between the parties. *Newberry v. Allied Stores, Inc.*, 773 P.2d 1231, 1233 (N.M. 1989). An employer's conduct must reasonably lead the employee to believe that he or she will not be terminated without just cause before such a contract will be implied. *Kiedrowski v. Citizen's Bank*, 893 P.2d 468, 470-71 (N.M. Ct. App. 1995), *cert. denied*, 890 P.2d 1321 (N.M. 1995). "Oral representations made by an employer may be sufficient to overcome the presumption of termination 'at-will.'" *Baucom v. Amtech Systems Corp.*, 1997 U.S. App. Lexis 33992 *6 (10th Cir. 1997) (citing *Kestenbaum v. Pennzoil Co.*, 766 P.2d 280, 284-85 (N.M. 1989), *cert. denied*, 490 U.S. 1109 (1989)). Disclaimers in a personnel manual alone do not suffice to negate other indicia that an implied contract exists. *Id.* On the other hand, an employee's vague impression or general feeling of continued employment is not sufficient to create an employment contract. *Garrity v. Overland Sheepskin Co. of Taos*, 917 P.2d 1382, 1385 (N.M. 1996). Rather, to prevail a plaintiff must show explicit promises or assurances of job security, not merely a declaration of the employer's general approach to the subject matter. *Sanchez v. New Mexican*, 738 P.2d 1321, 1324 (N.M. 1987).

Generally, the existence of an implied contract is a question of fact unsuited for summary judgment. However, for an employee's expectations to be reasonable, they must satisfy a certain measure of objectivity. *Kiedrowski*, 893 P.2d at 471. Thus, while "[a]n inquiry into whether an implied employment contract exists is normally factual . . . if the alleged promises are nothing more than vague assurances . . . the issue can be decided as a matter of law." *Dupree v. United Parcel Service, Inc.*, 956 F.2d 219, 222 (10th Cir. 1992). "[I]t is not any single act, phrase or expression, but the totality of all of these, given the parties' situation and objectives, which will control." *Kestenbaum*, 766 P.2d at 286.

Applying these principles to the present case, the fact that Hammond was never actually transferred to a classified employment position is not fatal to his claim that an implied contract existed between the parties. If Defendant made oral representations and/or remained silent in the face of Hammond's repeated assertions that he was now a classified employee, these actions may have been sufficient to create an implied contract, regardless of Hammond's "actual" status. *See Kestenbaum*, 766 P.2d at 284-86. The parties disagree as to whether any of Defendant's agents ever dissuaded Hammond of his misconception. Thus, there is a genuine issue as to this material fact making summary judgment inappropriate. *Celotex*, 477 U.S. at 324.

Further, viewing the facts in the light most favorable to Hammond, the nonmoving party, Defendant is not entitled to judgment as a matter of law. Hammond asserts that he specifically asked to be transferred to a classified position; that he was subsequently transferred; that he told the Mayor, Human Resources Director, and his supervisor that he believed that he was now a classified employee without any of these individuals correcting him; and that other members of the former Mayor's administration were in fact transferred from unclassified to classified status. Further, the parties do

not at this time dispute that the MSO would create an implied contract if Hammond was a classified employee. Taking into consideration "not any single act, phrase or expression, but the totality of all of these, given the parties' situation and objectives," *Kestenbaum*, 766 P.2d at 286, Plaintiff's case is based on more than just "vague assurances" or general descriptions of the employer's practices. *See Dupree*, 956 F.2d at 222. On the contrary, Plaintiff has demonstrated sufficient facts that his claim of an implied contract is objectively reasonable to warrant presenting the issue to a jury. *Id.*; *Kestenbaum*, 766 P.2d at 284-86.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant City of Albuquerque's Motion for Summary Judgment on Count I **[Doc. No. 34]** is hereby **DENIED**.

MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE

Attorney for Plaintiff:
Stephen Turpen

Attorneys for Defendants:
Patricia Williams